Pearson, C. J.
 

 From the case as stated by his Honor, we are unable see whether the dealing, in respect to the mules, was an
 
 executory contract to sell,
 
 or an
 
 executed contract of sale,
 
 whereby the mules were delivered and accepted in payment
 
 fro tanto
 
 of the bond sued on. This distinction is illustrated in
 
 Rhodes
 
 v.
 
 Chesson,
 
 Busbee’s Rep. 336. If the mules were delivered on a contract of sale, the bond was satisfied
 
 fro tanto,
 
 and being defunct, it was not in the power of one of the members of the firm to bring it into force again as a bond of the individual obligors — for although it was executed as a security for a debt of the firm, still it did not stand as a mere open debt of the firm, or a charge of an amount on one side, subject to a discharge by the entry of a credit on the other, which was under the control and direction of a member of the firm, so as to give him the right to revoke or countermand the order first made for its application ; but it was
 
 the deed
 
 of the individuals who composed the firm, by which they were bound in a manner higher than either member had authority to bind the others, in
 
 respect to
 
 matters growing out of the business of the firm; consequently, if this deed was once discharged, it was not in the power of one of the mem
 
 *79
 
 bers of the firm to give it, a second time, force and effect as a deed of the individual obligors, although it may be, he would have had authority, as a member of the firm, to change the original application of the price of the mules, so as to revive a simple contract debt of the firm for the hire of the slaves, if the bond sued on had not been executed. Where no error appears on the face of the record, the judgment must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.